UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY RAHAMAN,

               Plaintiff,                       Case No. 2:24-cv-12015

v.                                       Honorable Susan K. DeClercq
                                           United States District Judge

PROGRESSIVE INSURANCE
COMPANY,

               Defendant.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION TO DISMISS (ECF No. 12) AND STRIKING
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF
No. 24)**

On August 2, 2024, Joy Rahaman sued "Progressive Insurance Company,"

which she identified as her home and auto insurer, and which she says is based in

Cuyahoga, Ohio. ECF No. 1 at PageID.2, 9. She alleges that on May 19, 2023, she

was "struck by a landscaping company's bobcat on a residential street,"[1] and

"suffered injuries to her neck, hands, and wrists," as a result. *Id.* at PageID.9.

Rahaman's doctors diagnosed her with a "left fractured hamate bone," sprained

wrists, and "severe whiplash to her neck," which aggravated several preexisting

---

[1] Rahaman's Complaint does not specify the details surrounding this incident, and
it is not clear whether Rahaman was a driver or passenger in a car or a pedestrian.
*See generally* ECF No. 1.

conditions. *Id.* at PageID.10–11.

Rahaman alleges that her "Unlimited Medical PIP policy through Progressive Insurance" should have covered all medical care necessitated by the bobcat incident, but Progressive Insurance Company refused to pay because it categorized her injuries as "work related." *Id.* at PageID.11–12. So, she brought 12 counts against Progressive Insurance Company:

| Count | Claim |
|-------|-------|
| I | Breach of Contract |
| II | Bad Faith |
| III | Negligence |
| IV | Gross Negligence |
| V | Vicarious Negligence |
| VI | Serious Bodily Injury |
| VII | Aggravation to a Pre-Existing Condition |
| VIII | Concealment |
| IX | Wrong Disclosure of Individually Identifiable Health Information |
| X | False Statements |
| XI | Fraud Misrepresentation |
| XII | Intentional Infliction of Emotional Distress |

*Id.* at PageID.14–36.

Rahaman served Progressive Insurance Company with summons and a copy of her Complaint on August 5, 2024, making Progressive Insurance Company's deadline to file an answer or motion to dismiss August 26, 2024. *See* ECF No. 6; *see also* FED. R. CIV. P. 12; 6. On August 26, 2024, Rahaman requested a Clerk's Entry of Default. ECF No. 10. But the next day—August 27—Progressive Insurance Company filed a motion to dismiss, ECF No. 12, so Rahaman's request

for a Clerk's Entry of Default was denied, ECF Nos. 13; 14. In its motion to dismiss, Progressive Insurance Company asserted that Rahaman sued the wrong Defendant.[2] ECF No. 12 at PageID.85. That is, Rahaman's insurance policy was not underwritten by Progressive Insurance Company, but by Progressive *Marathon* Insurance Company ("Progressive Marathon"), a Michigan corporation. ECF No. 12 at PageID.100–101; *see also* ECF No. 26 at PageID.426 (showing the relevant policy was "underwritten by" Progressive Marathon). Thus, Progressive Insurance Company argues that Rahaman's Complaint should be dismissed for lack of subject-matter jurisdiction because (1) none of her claims create federal-question jurisdiction, ECF No. 12 at PageID.87–94, and (2) the actual underwriter of the policy—Progressive Marathon—is a citizen of the state of Michigan, so there is no diversity jurisdiction either. *Id.* at PageID.99–101. What's more, Progressive Insurance Company argues that nine of Rahaman's claims should also be dismissed for failure to state a claim upon which relief can be granted. *Id.* at PageID.94–99.

On August 28, 2024, Rahaman again requested a Clerk's Entry of Default, ECF Nos. 15; 16, which was again denied, ECF Nos. 18; 19. Rahaman then

---

[2] Although the substance of Progressive Insurance Company's argument will not be analyzed in this motion, it is notable that "[d]istrict courts within the Sixth Circuit have granted summary judgment where a plaintiff has sued a wrong entity." *ISpine, PLLC v. Allstate Prop. & Cas. Ins. Co*., No. 19-cv-11458, 2021 WL 148021, at *3 (E.D. Mich. Jan. 15, 2021) (collecting cases).

responded to Progressive Insurance Company's motion to dismiss, arguing that the motion to dismiss was untimely under the Federal Rules of Civil Procedure. ECF No. 20; *see also* FED. R. CIV. P. 12(a)(1)(A) (stating that a defendant must serve a responsive pleading "within 21 days after being served with the summons and complaint."). Ten days later, Rahaman filed a Motion for "Judgment on the Pleadings For Defendant's Failure to File an Answer." ECF No. 24 at PageID.298.

It is true that Progressive Insurance Company's Motion to Dismiss, ECF No. 12, is untimely. The Civil Rules make clear that in computing the deadline for any period of days, every day should be counted, including weekends and holidays, but "the day of the event that triggers the period" should be excluded. FED. R. CIV. P. 6 (a)(1). Here, everyone agrees that Progressive Insurance Company was served on August 5, 2024. *See* ECF Nos. 6; 20 at PageID.203; 23 at PageID.296. Thus, the date that "triggered" the 21 days in which Progressive Insurance was required to file a responsive pleading was August 5. *See* FED. R. CIV. P. 6 (a)(1). Under the Civil Rules, August 5 was excluded from the counting, making August 6 day one. *Id.* Continuing counting in that manner, August 26 was day 21—the final day on which Progressive Insurance could have timely filed a responsive pleading.[3] *Id.* So

---

[3] Progressive Insurance doubles down on its incorrect computation of the deadline, asserting that excluding August 5 results in a due date of August 27. *See* ECF No. 23 at PageID.296. But the correct deadline is indeed August 26. This conclusion is supported by the Advisory Committee's 2009 Note, which states that the rule uses

Progressive Insurance filed its motion to dismiss one day late. ECF No. 12. And even after Rahaman pointed out that the motion was untimely, *see* ECF No. 20, Progressive Insurance did not explain why its motion was late, nor did it seek an extension of time or request acceptance of its late motion. *See* FED. R. CIV. P. 6(b)(1)B) (requiring a party seeking to extend a deadline *after* the deadline has passed to file a motion demonstrating excusable neglect). Thus, Progressive Insurance's Motion to Dismiss, ECF No. 12, will be denied without prejudice as untimely.[4] *See Igo v. Sun Life Assurance Co. of Can.*, 652 F. Supp. 3d 929, 934 (S.D. Ohio 2023) ("[A] motion to dismiss may be denied for its untimeliness alone."). If Defendant wishes to seek permission to file a late motion to dismiss, it may file a motion according to Civil Rule 6(b)(1)(B).

Additionally, Rahaman's Motion for Judgment on the Pleadings was filed without seeking concurrence from Progressive Insurance Company. ECF No. 24 at

---

7, 14, and 21-day periods so that "[t]he final day falls on the same day of the week as the event that triggered the period." FED. R. CIV. P. 6(a) advisory committee's note to 2009 amendment. Here, August 5, 2024 was a Monday. And August 26, 2024—the final day—is also a Monday.

[4] District courts often consider untimely 12(b)(6) motions by converting the untimely motion to dismiss into a motion for judgment on the pleadings under Civil Rule 12(c). *See, e.g., Doe v. Sentech Emp. Servs., Inc.,* 186 F. Supp. 3d 732, 736 (E.D. Mich. 2016). But 12(c) motions are authorized only "after the pleadings are closed. FED. R. CIV. P. 12(c). And here, "the pleadings are not closed because" Progressive Insurance Company has not yet filed an answer. *Igo v. Sun Life Assurance Co. of Can.*, 652 F. Supp. 3d 929, 934 n.1 (S.D. Ohio 2023). Thus, this Court may not convert the untimely motion to dismiss to a motion for judgment on the pleadings. *Id.*

PageID.299 (asserting "Plaintiff did not seek concurrence before filing this motion"). Accordingly, Rahaman's motion, ECF No. 24, will be stricken for noncompliance with Local Rule 7.1. *See* E.D. Mich. LR 7.1(a)(1) ("The movant *must* ascertain before filing whether the contemplated motion, or request under Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed." (emphasis added)); *see also* E.D. Mich. LR 7.1(a)(3) (authorizing the Court to strike the filing if concurrence is not sought).

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 12, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion for Judgment on the Pleadings, ECF No. 24, is **STRICKEN**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 8, 2025

- 6 -