UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY RAHAMAN,

        Plaintiff,                Case No. 2:24-cv-12015

v.                                      Honorable Susan K. DeClercq
                                            United States District Judge

PROGRESSIVE INSURANCE
COMPANY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS (ECF No. 33), DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (ECF No. 1), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR ECONOMIC, COMPENSATORY, AND NON-ECONOMIC DAMAGES (ECF No. 43)**

On August 2, 2024, Plaintiff Joy Rahaman sued "Progressive Insurance Company," an Ohio-based company that Rahaman identified as her home-and-auto insurer. But a separate corporate entity, Progressive Marathon Insurance Company ("PMIC"), responded to the complaint and named itself as Plaintiff's actual insurer. PMIC now seeks dismissal of Rahaman's complaint, arguing that this Court lacks jurisdiction and that Rahaman has failed to state valid claims for relief.

As explained below, this Court lacks subject-matter jurisdiction over Rahaman's claims. Rahaman sued the wrong insurance company, and her actual insurer is a Michigan citizen. And because Rahaman and PMIC are both Michigan

citizens, there is no diversity jurisdiction. Further, Rahaman's claims do not implicate a federal question. Accordingly, PMIC's motion to dismiss will be granted.

## I. BACKGROUND

Rahaman has an insurance contract with PMIC. ECF No. 33 at PageID.639. PMIC is a Michigan citizen and a subsidiary of The Progressive Corporation. ECF No. 33 at PageID.680–81. The Progressive Corporation is an Ohio insurance holding company with subsidiaries domiciled in many states.[1]

Rahaman alleges that her insurer refused to pay medical bills that should have been covered by her policy. But instead of suing PMIC, she sued "Progressive Insurance Company." ECF No. 33 at PageID.599. This Court takes "Progressive Insurance Company" to refer to The Progressive Corporation, PMIC's parent company, which is not liable for the policy.[2]

---

[1] *See* Securities and Exchange Commission, *Form 10-K*, The Progressive Corporation, Exhibit 21 (Mar. 3, 2025), https://d18rn0p25nwr6d.cloudfront.net/CIK-0000080661/2f9b6d44-973f-48b8-aa92-190dbd0b6c56.pdf [https://perma.cc/Y6VF-5KC8] (providing a list of subsidiaries and their respective places of domicile).

[2] The Progressive Corporation, as PMIC's parent company, may not be held liable for the policy because parent and subsidiary corporations are treated as separate entities under Michigan law. *See Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995). And the Progressive Corporation is not a party to the contract at the center of this case. *See RESCO, Inc. v. GLAC Holdings, LLC*, No. 275467, 2008 WL 400679, at *1 (Mich. Ct. App. Feb. 14, 2008) ("The general rule is that a contract binds only the parties thereto; a person who is not a party to a contract cannot be held liable thereon.").

## A. Rahaman's Factual Allegations

Rahaman alleges that on May 19, 2023, she was "struck by a landscaping company's bobcat on a residential street" and "suffered injuries to her neck, hands, and wrists" as a result. ECF No. 1 at PageID.9. Afterward, Rahaman's doctors diagnosed her with a "left fractured hamate bone," sprained wrists, and "severe whiplash to her neck," which aggravated several preexisting conditions. *Id*. at PageID.10–11.

Rahaman alleges that at the time she was struck by the bobcat, she was insured through "Progressive Insurance Company." *Id.* According to Rahaman, her "Unlimited Medical PIP policy through Progressive Insurance" should have covered all medical care necessitated by the bobcat incident, but "Progressive Insurance Company" refused to pay because it categorized her injuries as "work related." *Id*. at PageID.11–12. So, she brings 12 counts against "Progressive Insurance Company":

| Count | Claim (Statutory Source Cited by Plaintiff) |
|---|---|
| I | Breach of Contract (41 U.S.C. § 6502) |
| II | Bad Faith (41 U.S.C. § 6502) |
| III | Negligence (19 U.S.C. § 1592) |
| IV | Gross Negligence (19 U.S.C. § 1592) |
| V | Vicarious Negligence |
| VI | Serious Bodily Injury (18 U.S.C. § 1365(h)(3)) |
| VII | Aggravation to a Pre-Existing Condition (Federal Rule of Evidence 411) |
| VIII | Concealment (18 U.S.C. § 2071) |
| IX | Wrong Disclosure of Individually Identifiable Health Information (42 U.S.C. § 1320d-6) |
| X | False Statements (18 U.S.C. § 1001) |

| XI | Fraud Misrepresentation (17 U.S.C. § 240) |
|---|---|
| XII | Intentional Infliction of Emotional Distress (42 U.S.C. § 1981(a)) |

*Id.* at PageID.14–36.

### B. Procedural History

Rahaman served "Progressive Insurance Company" with a summons and a copy of her Complaint on August 5, 2024, which made the deadline to file an answer or motion to dismiss August 26, 2024. *See* ECF No. 6; *see also* FED. R. CIV. P. 6; 12. On August 26, 2024, Rahaman requested a Clerk's Entry of Default. ECF No. 10. But the next day, PMIC—identifying itself as the proper defendant and noting that it was "wrongly identified as 'Progressive Insurance Company'" in the complaint—filed a motion to dismiss, ECF No. 12 at PageID.75, so Rahaman's request for a Clerk's Entry of Default was denied, ECF Nos. 13; 14.

On August 28, 2024, Rahaman again requested a Clerk's Entry of Default, ECF Nos. 15; 16, which was again denied, ECF Nos. 18; 19. Rahaman then responded to PMIC's motion to dismiss, arguing that the motion to dismiss was untimely under the Federal Rules of Civil Procedure. ECF No. 20; *see also* FED. R. CIV. P. 12(a)(1)(A) (stating that a defendant must serve a responsive pleading "within 21 days after being served with the summons and complaint."). Ten days later, Rahaman filed a Motion for "Judgment on the Pleadings for Defendant's Failure to File an Answer." ECF No. 24 at PageID.298.

In January 2025, this Court struck Rahaman's motion for judgment on the

pleadings, ECF No. 24, and denied without prejudice PMIC's motion to dismiss, ECF No. 12, because it was filed one day late. *See* ECF No. 28; *see also Igo v. Sun Life Assurance Co. of Can.*, 652 F. Supp. 3d 929, 934 (S.D. Ohio 2023) ("[A] motion to dismiss may be denied for its untimeliness alone."). PMIC thereafter filed its Answer and Affirmative Defenses on January 9, 2025.

On February 3, 2025, PMIC filed a motion for leave to file a second motion to dismiss and for judgment on the pleadings beyond the deadline for doing so, ECF No. 32, which this Court granted, ECF No. 66.

In its second motion to dismiss and for judgment on the pleadings, PMIC seeks dismissal under Civil Rule 12(b)(1) for lack of subject-matter jurisdiction. ECF No. 33. PMIC argues that, because it is the true party to Rahaman's insurance contract, and because it is a Michigan citizen, there is no diversity jurisdiction. *Id.* at PageID.565. PMIC also argues there is no federal-question jurisdiction because none of Rahaman's claims actually implicate a federal question, despite the fact that Rahaman cites a federal statute for each of her claims. *Id.*; *see also* ECF No. 1 at PageID.14–36. Further, PMIC argues that even if this Court has jurisdiction, Counts II through X should be dismissed under Civil Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Id.* Finally, PMIC seeks judgment on the pleadings because Plaintiff has sued the wrong party. *Id.*

Rahaman opposes PMIC's motion but does not respond to the merits of

PMIC's arguments. Instead, Rahaman asserts that PMIC's motion, ECF No. 33, should be denied because the defense attorney who filed the motion was not the first attorney to file an appearance on this case. ECF No. 34 at PageID.690.

## II. LEGAL STANDARD

When a defendant seeks dismissal both for lack of subject-matter jurisdiction and for failure to state a claim, courts must consider jurisdiction first. *Hawthorne-Burdine v. Oakland Univ.*, 158 F. Supp. 3d 586, 596 (E.D. Mich. 2016), *aff'd*, No.16-1103, 2016 WL 11854487 (6th Cir. Nov. 3, 2016); *see also* FED. R. CIV. P. 12(h)(3) (empowering courts to dismiss an action at any time for lack of subject-matter jurisdiction). Thus, if a court lacks jurisdiction over a plaintiff's claims, any requests for dismissal under Civil Rule 12(b)(6) are rendered moot. *Hawthorne-Burdine*, 158 F. Supp. 3d at 596.

When a defendant files a motion to dismiss for lack of subject-matter jurisdiction under Civil Rule 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists. *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). Parties generally attack jurisdiction on either facial or factual grounds. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

A facial attack on jurisdiction challenges whether the plaintiff's pleadings suffice to establish jurisdiction. *Id.* Courts analyze facial attacks with the same standard as 12(b)(6) motions and take the nonmovant's allegations as true. *Id.* Under

this standard, "the Court 'may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (quoting *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)). Notably, "[w]hen an exhibit contradicts the complaint, 'the exhibit trumps the allegations.'" *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 576 (6th Cir. 2021) (quoting *Cates v. Crystal Clear Techs.*, LLC, 874 F.3d 530, 536 (6th Cir. 2017)). Further, a court may dismiss a complaint based on attachments that make a party's allegations implausible. *Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017).

Alternatively, factual attacks challenge the actual truth of the allegations that give rise to subject-matter jurisdiction. *Ritchie*, 15 F.3d at 598. For factual attacks, courts need not take any of the plaintiff's allegations at face value. *Ritchie*, 15 F.3d at 598. Instead, "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* This is true even when plaintiffs proceed *pro se*, and even though *pro se* pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Dismissals based upon factual attacks to subject-matter jurisdiction are often granted without prejudice.

*Ernst*, 427 F.3d at 367.

### III. ANALYSIS

PMIC first argues that Rahaman's claims must be dismissed under Civil Rule 12(b)(1) because this Court lacks subject-matter jurisdiction over them. *See* ECF No. 32. Specifically, PMIC launches a factual attack on jurisdiction—arguing that Rahaman has sued the wrong entity ("Progressive Insurance Company"), and that substituting the right entity (PMIC) would destroy diversity, given that both PMIC and Rahaman are Michigan citizens. *See* ECF No. 33 at PageID.575.

PMIC is correct. The insurance policy—which forms the basis of the entire dispute—is clearly between only Rahaman and PMIC. ECF No. 33 at PageID.637. The coverage summary page states in the top-right corner that the policy is underwritten by PMIC. *Id*. PMIC appears in the bottom-left corner, as well as the title page. *Id.* at PageID.637–39. This policy alone was enough to put Rahaman on notice as to the identity of the liable company. *See ISpine, PLLC v. Allstate Prop. and Cas. Ins. Co.*, No. 19-cv-11458, 2021 WL 148021, at *6 (E.D. Mich. Jan. 15, 2021) (denying plaintiff's late request to amend party because they had been on notice of their proper insurer since receiving a copy of their insurance policy). On these facts, Rahaman has clearly sued the wrong company. Not only that, Rahaman

appears to have sued a company that does not exist.[3]

And the correct defendant—PMIC—is a Michigan corporation. Records kept by the Michigan Department of Insurance and Financial Services (DIFS) make it clear that PMIC is domiciled in Michigan. *See* ECF No. 33 at PageID.681. And Rahaman is concededly a Michigan citizen herself. Thus, even if Rahaman were to amend her complaint to name PMIC as the correct defendant, there would be no diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Absent diversity jurisdiction, the only way Rahaman may proceed in federal court is if there is federal-question jurisdiction. *See* 28 U.S.C. § 1331. But none of Rahaman's claims implicate a federal question. As explained below, although Rahaman cites federal statutes for almost all her claims, the statutes she cites are either wholly unrelated to her actual claim or do not provide for a private cause of action, and thus do not confer jurisdiction.

***Counts I and II***. In these counts, Rahaman alleges that PMIC breached the insurance contract and acted in bad faith. ECF No. 1 at PageID.14–17. Rahaman cites 41 U.S.C. § 6502 in support, but this statute applies only to government

---

[3] Rahaman has been on notice since late August 2024 that she named a nonexistent corporate entity as the defendant in this case. *See* ECF No. 12 (alleging Rahaman did not sue the corporation that underwrites her insurance policy). Yet Rahaman has never requested leave to amend her complaint to name the proper defendant. But, as explained below, even if she did, this Court would still lack jurisdiction to hear her claims.

contracts. The facts here involve a contract between an individual and an insurance company, not a government contract. *See* ECF No. 1 at PageID.14–17. Thus, 41 U.S.C. § 6502 may not serve as a basis to invoke federal-question jurisdiction.

*Counts III and IV*. In these counts, Rahaman claims that PMIC acted with negligence and gross negligence in breaching the insurance contract. *Id.* at PageID.17–18. In support, Rahaman cites 19 U.S.C. § 1592, which regulates the importation of merchandise through customs. But Rahaman's claims do not relate to imported merchandise. ECF No. 1 at PageID.17–18. Indeed, nowhere in her complaint is there any reference to imported merchandise. *See generally id.* Thus, Rahaman cannot rely on this statute to establish federal-question jurisdiction.

*Count V*. Count V alleges that PMIC is liable for the actions of its employees under "vicarious negligence," which this Court assumes is an allegation of vicarious liability. ECF No. 1 at PageID.19. But "vicarious liability is not an independent cause of action; it is a theory of liability." *ELG by Till v. King*, No. 24-cv-12195, 2025 WL 1467068, at *8 (E.D. Mich. May 22, 2025).[4] Accordingly, this claim does not provide a basis for federal-question jurisdiction.

*Counts VI, VIII, and X*. In these counts, Rahaman alleges that PMIC contributed to her serious bodily injuries, concealed medical reports, and made false

---

[4] Indeed, "[v]icarious liability is not an independent claim in Michigan but is instead a theory of liability for otherwise substantiated tort claims." *Webster v. AutoZone Dev. LLC*, No. 23-cv-13033, 2024 WL 4245402, at *7 (E.D. Mich. Sept. 19, 2024).

statements. ECF No. 1 at PageID.20–21. Rahaman cites 18 U.S.C. §§ 1365(h)(3), 2071, and 1001 in support, but these are all criminal statutes, and thus do not create a private, civil cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). Indeed, private citizens like Rahaman may not invoke federal criminal statutes as a basis for federal-question jurisdiction. *See id.*

**Count VII**. In this count, Rahaman alleges that PMIC's refusal to pay for medical expenses aggravated her preexisting medical condition. ECF No. 1 at PageID.20–21. Rahaman cites Federal Rule of Evidence 411, but this rule governs admissibility of evidence and does not create a private right of action. Thus, Rule 411 cannot serve as a basis for federal-question jurisdiction, either.

**Count XI**. In Count XI, Rahaman alleges that PMIC is liable for "fraud misrepresentation" by delaying her medical treatment. ECF No. 1 at PageID.24. In support, Rahaman cites 17 U.S.C. § 240, which governs copyrights. But Rahaman's claims do not involve copyright law. *See generally* ECF No. 1. Thus, 17 U.S.C. § 240 cannot provide a basis for federal-question jurisdiction here.

**Counts IX and XII**. In these counts, Rahaman alleges that PMIC wrongfully disclosed her health information without her consent and intentionally inflicted emotional distress upon her. *Id.* at PageID.23. In support, Rahaman points to 42 U.S.C. §1320d–6, which contemplates social-security and employment-discrimination claims, neither of which are alleged here. *See generally* ECF No. 1.

Thus, again, no federal-question jurisdiction arises from these claims.

In sum, this Court lacks both diversity jurisdiction and federal-question jurisdiction over Rahaman's claims. As a result, the case must be dismissed.

As a final matter, because the complaint will be dismissed, Plaintiff's pending "Motion for Judgment on the Pleadings 12(c) After Attorney Karen Magdich Failed to File an Answer to the Complaint," ECF No. 43, will be denied as moot.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 33, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's Motion for Judgment on the Pleadings After Attorney Karen Magdich Failed to File an Answer to the Complaint, ECF No. 43, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 30, 2025